On petitions for attorney fees filed April 25 and April 28, petitions denied
August 20, 1986

## SABRE FARMS, INC.,
*Appellant,*

*v.*

## JORDAN et al,
*Respondents,*

(D8203-01935; CA A30113)

723 P2d 1078

On respondents' H.C. Jordan, Walter J. Reid, and Garry O. Pitsch petition for attorneys fees filed April 25, 1986; and respondent John R. Davidson's petition for attorney fees filed April 28, 1986.

Jack L. Kennedy, and Kennedy, King & Zimmer, Portland, for the motion for respondents H.C. Jordan, Walter J. Reid, and Garry O. Pitsch.

Don G. Carter, and McEwen, Gisvold, Rankin & Stewart, Portland, for the motion for respondent John R. Davidson.

Donale H. Mullins, and Schweppe, Krug & Tausend, P.S.,

Portland; John S. Ransom, and Ransom, Blackman & Simson, Portland, appeared contra for appellant Sabre Farms, Inc.

Before Young, Presiding, Judge, and Joseph, Chief Judge, and Warren and Deits, Judges.

PER CURIAM

## PER CURIAM

Defendants Jordan, Reid and Pitsch, collectively, and Davidson, separately, have petitioned for an order allowing them to recover attorney fees incurred by them in connection with the appeal brought by plaintiff. *Sabre Farms, Inc. v. Jordan,* 78 Or App 323, 717 P2d 156 (1986). The petitions are founded on a provision in plaintiff's articles of incorporation providing for indemnification of its directors, officers or employes for reasonable expenses incurred in connection with litigation arising out of their performance of duties.[1] Although, as we said in our opinion, 78 Or App at 330-332, the articles provide for indemnification in litigation such as this, they do not provide for the officers and directors to recover fees by merely filing a petition or motion as prevailing parties on appeal.

Petitions denied.

---

[1] The relevant provision of the articles is set out in full in our opinion. 78 Or App at 330 n 5.