The **RESOLUTION TRUST CORPORATION, a federal corporation, in its corporate capacity, Plaintiff,**

v.

**Kenneth H. SMITH, Richard Hoffman, Robert Dene Bateman, William H. Dalton, Jack C. Darley, Stanley N. Hammer, and Robert B. Lorence, Defendants.**

**Civ. No. 93–1112–FR.**

United States District Court, D. Oregon.

March 2, 1995.

**1060**

William R. Turnbow, Hershner, Hunter, Moulton, Andrews & Neill, Eugene, OR, Ernest Warren, Jr., Walker and Warren, Portland, OR, Neysa L. Day, Sr. Atty., Resolution Trust Corp., Professional Liability Section, Overland Park, KS, for plaintiff.

E. Joseph Dean, Steven T. Lovett, Stoel Rives Boley Jones & Grey, Portland, OR, for defendants.

FRYE, District Judge:

The matter before the court is the motion of defendants, Kenneth H. Smith, Robert Dene Bateman, William H. Dalton, Jack C. Darley, Stanley N. Hammer, and Robert B. Lorence, for modification of this court's order of January 11, 1995 to certify for immediate appeal (# 52–1) and for stay of proceedings (# 52–3).

## BACKGROUND

Defendants are former directors and officers of Family Federal Savings & Loan Association (Family Federal). On behalf of Family Federal, the Resolution Trust Corporation (the RTC) brought this action for negligence, breach of fiduciary duty, and breach of contract based on loans that Family Federal made in 1983, 1984 and 1985. On January 11, 1995, this court issued an opinion and an order denying the motion of the defendants for summary judgment. This court held *inter alia* that the Oregon courts would adopt the doctrine of adverse domination as a corollary to the discovery rule to delay the accrual of a cause of action as long as the allegedly culpable directors controlled the corporation, and that section 1821(k) of the Financial Institutions Reform, Recovery and Enforcement Act (FIRREA) does not preempt the claims of the RTC under federal common law for negligence and breach of fiduciary duty.

Defendants Smith, Bateman, Dalton, Darley, Hammer and Lorence now move the court to modify the order of January 11, 1995 to certify for immediate appeal under 28 U.S.C. § 1292(b) and for a stay of the proceedings until the United States Court of Appeals for the Ninth Circuit denies their petition for leave to appeal or rules on appeal. Defendant Richard Hoffman joins in this motion.

## CONTENTIONS OF THE PARTIES

Defendants contend that the significance of the legal issues resolved in this court's order of January 11, 1995, the degree to which those legal issues are controverted in the case law, and the substantial cost of further discovery and trial in this matter warrant immediate review by the appellate court of this court's denial of their motion for summary judgment.

The RTC contends that an interlocutory appeal is inappropriate because the defendants have not met their burden to show sufficient grounds for differences of opinion regarding whether the Oregon courts would adopt the doctrine of adverse domination and whether 12 U.S.C. § 1821(k) preempts federal common law claims based on conduct less culpable than gross negligence. The RTC maintains that the delay of an interlocutory appeal will make it substantially more difficult for both sides to support their positions on the merits because of the amount of time that has passed since the allegedly culpable conduct in 1983. Further, the RTC argues that some of the defendants have had recent health problems and may be unable to participate in a trial if the trial is postponed for two to three years. In the event that this court certifies this case for an interlocutory appeal, the RTC requests that the court deny the motion of the defendants for a stay in discovery so that the RTC may depose the defendants to preserve their testimony.

## APPLICABLE LAW

The requirements for certification for an interlocutory appeal under section 1292(b) are "(1) that there be a controlling question of law, (2) that there be substantial grounds for difference of opinion, and (3) that an

immediate appeal may materially advance the ultimate termination of the litigation." *In re Cement Antitrust Litigation*, 673 F.2d 1020, 1026 (9th Cir.1982). "[T]his section [is] to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *Id.*

### ANALYSIS AND RULING

■ By order dated January 11, 1995, this court ruled that the claims of the RTC were not barred by the applicable state statute of limitations because the Oregon courts would adopt· the doctrine of adverse domination to delay the accrual of the causes of action against the allegedly culpable directors, and that section 1821(k) of the FIRREA did not preempt the claims of the RTC under federal common law. The Oregon courts have neither adopted nor rejected the doctrine of adverse domination, and there is a split in the federal circuits as to whether section 1821(k) preempts federal common law and establishes gross negligence as the standard for liability. *Compare RTC v. Gallagher*, 10 F.3d 416 (7th Cir.1993), with *FDIC v. Canfield*, 967 F.2d 443 (10th Cir.), *cert. dismissed*, ⸺ U.S. ⸺, 113 S.Ct. 516, 121 L.Ed.2d 527 (1992), and *FDIC v. McSweeney*, 976 F.2d 532 (9th Cir.1992), *cert. denied*, ⸺ U.S. ⸺, 113 S.Ct. 2440, 124 L.Ed.2d 658 (1993). The court finds that the issues relating to the adoption of the doctrine of adverse domination under the laws of the State of Oregon and the issue of preemption under section 1821(k) involve controlling questions of law, and that there are substantial grounds for differing opinions. The court also finds that an interlocutory appeal may materially advance the ultimate disposition of this case. Specifically, many of the claims of the RTC against the defendants may be time-barred, and the standard of care for the RTC's claims for breach of fiduciary duty may be higher than ordinary negligence. Finally, the court concludes that a stay of the proceedings in this court pending disposition of the interlocutory appeal is appropriate.

* Editor's Note: This amendment was incorporated in the January 11, 1995 opinion published at 872

### CONCLUSION

The motion of the defendants for modification of the order of January 11, 1995 to certify for immediate interlocutory appeal (# 52–1) is GRANTED. The motion of the defendants for a stay of the proceedings in this court until disposition of the interlocutory appeal (# 52–3) is GRANTED.

The opinion and the order dated January 11, 1995 will be amended to add the following paragraph: *

The court finds that whether 12 U.S.C. § 1821(k) preempts federal common law and whether the doctrine of adverse domination would delay the accrual of the federal and/or state law claims of the RTC are controlling questions of law as to which there are substantial grounds for differences of opinion. The court also finds that an immediate appeal from the order would materially advance the ultimate termination of the litigation. Therefore, the defendants may make application for appeal under the provisions of 28 U.S.C. § 1292(b).