83 F.3d 1051
 96 Cal. Daily Op. Serv. 3220, 96 Daily Journal
D.A.R. 5304
FEDERAL DEPOSIT INSURANCE CORPORATION, a federal
corporation, as manager of the FSLIC Resolution
Fund,** Plaintiff-Appellee,
v.
Kenneth H. SMITH; Richard Hoffman; Robert Dene Bateman;
William M. Dalton; Jack C. Darley; Stanley N.
Hammer; Robert B. Lorence, Defendants-Appellants.
 No. 95-35312.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted March 6, 1996.
Decided May 7, 1996.
 
 E. Joseph Dean, Stoel, Rives, Boley, Jones & Grey, Portland, Oregon, for defendants-appellants.
 William R. Turnbow, Hershner, Hunter, Moulton & Andrews, Eugene, Oregon, and Kathryn Norcross, Federal Deposit Insurance Corporation, Washington, D.C., for plaintiff-appellee.
 Appeal from the United States District Court for the District of Oregon; Helen J. Frye, District Judge, Presiding.
 Before: REINHARDT, KOZINSKI, and FERNANDEZ, Circuit Judges.
 
 ORDER
 
 1
 Family Federal Savings & Loan Association (Family Federal) was a federally insured thrift headquartered at Dallas, Oregon. On January 10, 1990, the Office of Thrift Supervision determined that Family Federal was insolvent. The Office, therefore, appointed the Resolution Trust Corporation as receiver for Family Federal, and on that date, RTC purchased all of Family Federal's claims against its directors and officers. Over three years later, on September 8, 1993, RTC, as successor in interest to Family Federal, filed this action against Kenneth Smith, Richard Hoffman, Robert Bateman, William Dalton, Jack Darley, Stanley Hammer, and Robert Lorence. It alleged causes of action for negligence, breach of fiduciary duty, and breach of contract.
 
 
 2
 In January of 1984, Smith, Dalton, Darley, Hammer and Lorence were members of the board of directors of Family Federal. Bateman became a member in 1984, after the death of another member. At all relevant times, they constituted the majority of the board of directors of Family Federal. Hoffman was the Family Federal's Loan Manager at all relevant times.
 
 
 3
 In January of 1984, the Board of Directors approved the purchase of a $2,000,000 participation in a $31,000,000 loan to finance construction of a hotel, and by May of that year the directors and officers were aware of difficulties which had come to light; it then appeared that the loan had been ill advised.
 
 
 4
 In May of 1985, the directors agreed to fund $2,900,000 of time share loan paper, which involved time share units located at Indian Wells Resort. That also turned out to be a poor investment, which was criticized by federal examiners as early as April of 1986.
 
 
 5
 Stephen Way, who did not participate in those transactions, became a director in August of 1987. Before that, he had been an officer and had attended board meetings from at least November 1983 forward. Other officers also attended board meetings throughout that time.
 
 
 6
 The defendants asserted that the claims for negligence, breach of fiduciary duty, and breach of contract were barred by Oregon's two-year statute of limitations because the wrongful acts, if any, were known to Family Federal long before the RTC became its receiver. See O.R.S. § 12.110; see also Jaquith v. Ferris, 297 Or. 783, 785 n. 1, 687 P.2d 1083, 1084 n. 1 (1984) (negligence); Securities-Intermountain, Inc. v. Sunset Fuel Co., 289 Or. 243, 259-60, 611 P.2d 1158, 1167 (1980) (contract claims tied to negligence claim); Sabre Farms, Inc. v. Jordan, 78 Or.App. 323, 327, 717 P.2d 156, 158-59 (breach of fiduciary duty), supplemented, 80 Or.App. 789, 723 P.2d 1078 (1986). It is clear that claims which are barred under state law are not revived upon the appointment of RTC. See F.D.I.C. v. McSweeney, 976 F.2d 532, 534 (9th Cir.1992), cert. denied, 508 U.S. 950, 113 S.Ct. 2440, 124 L.Ed.2d 658 (1993).
 
 
 7
 The district court determined that although the Oregon statute of limitations would otherwise have run, the accrual of the causes of action in question was postponed because Oregon would apply the disinterested majority version of the adverse domination doctrine to those claims. See Resolution Trust Corp. v. Smith, 872 F.Supp. 805, 813-15 (D.Or.), amended, 879 F.Supp. 1059 (1995). Courts throughout the country have taken differing views on whether adverse domination theory should be applied to toll the statute of limitations for (or to prevent the accrual of) claims which are not based upon fraud. Compare Resolution Trust Corp. v. Grant, 901 P.2d 807, 814-16 (Ok.1995) (does not apply to negligence) with Hecht v. Resolution Trust Corp., 333 Md. 324, 635 A.2d 394, 406 (1994) (the doctrine applies generally). Similarly, courts have disagreed on whether the version which should be applied is the "disinterested majority version" or the "single disinterested director version." Compare Grant, 901 P.2d at 816-18 (disinterested majority), with Resolution Trust Corp. v. Chapman, 895 F.Supp. 1072, 1079 (C.D.Ill.1995) (single disinterested director).
 
 
 8
 If the doctrine of adverse domination does not apply in this case, the defendants will be entitled to judgment because the statute of limitations will have run. If it does apply, the version used may itself be dispositive.
 
 CERTIFICATION OF QUESTIONS
 
 9
 Questions of Oregon State Law may be determinative of this cause. We have, however, found no controlling precedent in the decisions of the Supreme Court of Oregon. We, therefore, respectfully request that the Supreme Court of Oregon exercise its discretion pursuant to the Uniform Certification of Questions of Law Act, ORS §§ 28.200-28.255, and answer the following questions:
 
 
 10
 (1) Under Oregon law does the doctrine of adverse domination delay the running of the statute of limitations for causes of action based upon negligence? Does it do so for causes of action based upon breach of fiduciary duty? Does it do so for causes of action based upon breach of contract?
 
 
 11
 (2) If the doctrine of adverse domination does apply to any or all of the mentioned causes of action, what version is applied, the disinterested majority version or the single disinterested director version?
 
 OTHER ORDERS
 
 12
 (1) The Clerk of this Court shall transmit to the Supreme Court of Oregon a certified copy of this Order, as well as the appellate briefs for this case.
 
 
 13
 (2) Pursuant to Ore. R.App. Proc. 12.20(5)(c), the Clerk of this Court shall transmit to the Supreme Court of Oregon all or any portion of the district court record in this case as that Court deems necessary or appropriate.
 
 
 14
 (3) The parties to this action and their counsel are:
 
 
 15
 Federal Deposit Insurance William R. Turnbow, Esq.
Corporation, a federal Hershner, Hunter, Moulton
corporation, as manager of & Andrews
the FSLIC Resolution Fund, P.O. Box 1475
Plaintiff"Appellee Eugene, Oregon 97440"1475
 Kathyrn R. Norcross, Esq.
 Federal Deposit Insurance Corp.
 550"17th Street, N.W.
 Washington, D.C. 20429
Kenneth H. Smith E. Joseph Dean, Esq.
 Defendant"Appellant Stoel, Rives, Boley, Jones &
 Grey
 900 S.W. Fifth Avenue
 Portland, Oregon 97204"1268
Richard Hoffman E. Joseph Dean, Esq.
 Defendant"Appellant (see above)
 Richard Hoffman (pro se)
 477"B N.W. Douglas Street
 Dallas, Oregon 97338"1022
Robert Dene Bateman E. Joseph Dean, Esq.
 Defendant"Appellant (see above)
William M. Dalton E. Joseph Dean, Esq.
 Defendant"Appellant (see above)
Jack C. Darley E. Joseph Dean, Esq.
 Defendant"Appellant (see above)
Stanley N. Hammer E. Joseph Dean, Esq.
 Defendant"Appellant (see above)
Robert B. Lorence E. Joseph Dean, Esq.
 Defendant"Appellant (see above)
 
 
 16
 (4) The parties shall file a report with this Court on the status of this case 180 days after the date of this Order and every 180 days thereafter.
 
 DATED: 5/7/96
 
 17
 /s/ Stephen Reinhardt
 
 Honorable Stephen Reinhardt, Presiding
 Ninth Circuit Court of Appeals
 
 
 **
 In accordance with the provisions of the Resolution Trust Corporation Completion Act, 12 U.S.C. § 1441a(m)(1) and (2), as of December 31, 1995, the assets and liabilities of the Resolution Trust Corporation, in its corporate capacity, were transferred to the Federal Deposit Insurance Corporation as manager of the FSLIC Resolution Fund, 12 U.S.C. § 1821a(a)(1). Therefore, the FDIC statutorily succeeds the Resolution Trust Corporation, in its corporate capacity, as the plaintiff in this action. No further action need be taken to continue this suit